IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


VULCAN POWER COMPANY, a                          Civ. No. 07-6105-AA
Colorado corporation,

      Plaintiff,                                 OPINION AND ORDER

   v.

DAVENPORT POWER, LLC, a
Delaware LLC,

      Defendant.
_____

AIKEN, Judge:

    After this action was dismissed for failure to join an indispensable party, defendant Davenport moved for an award of costs and attorney fees and for clarification of a protective order. On September 13, 2007, I issued an order addressing the requests for costs and motion for clarification. However, I stayed Davenport's motion for attorney fees, noting that plaintiff Vulcan had not responded to it and allowing plaintiff the opportunity to do so. The motion is denied.

1   - OPINION AND ORDER

"In federal litigation, the American Rule generally precludes an award of attorneys' fees absent statutory authorization or an enforceable contractual fees provision." <u>Golden Pisces, Inc. v. Fred Wahl Marine Const.</u>, 495 F.3d 1078, 1081 (9th Cir. 2007) (citing <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 257 (1975)); <u>see also</u> Fed. R. Civ. P. 54(d)(2); Or. Rev. Stat. §§ 20.075, 20.077(4), 20.083. Here, Davenport seeks an award of attorney fees in the amount of $27,420.00 pursuant the Northwest Geothermal Joint Venture Agreement (JVA) between the parties. Specifically, Davenport relies on § 14.1(c) of the JVA, which provides:

> In any arbitration to enforce the Agreement or to collect damages as a result of breach of its provisions, the prevailing party in the arbitration shall be entitled to its costs in the arbitration, including but not limited to costs of investigation, settlement, expert witnesses and reasonable attorney's fees, incurred prior to or during such arbitration, together with all additional costs incurred in enforcing or collecting any arbitration award.

Vulcan argues that Davenport's motion for fees is premature, because the arbitration award is not yet final. However, Davenport does not seek fees related to the arbitration; instead, Davenport seeks to recover fees expended in this litigation. Therefore, I do not find that an award of fees would be premature.

At the same time, because the fees sought by Davenport were not incurred in arbitration, an award of attorney fees is authorized by the JVA only if the fees were "incurred in enforcing

or collecting any arbitration award." I cannot make that finding.

On May 1, 2007, the arbitrator issued an Interim Award with respect to Phase I and granted Davenport's claims to expel Vulcan from the NGC partnership and to declare that Vulcan did not have the authority to enter into the Military-Newberry PPA using the Newberry Leases. The Interim Award also declared that Davenport was the operator of NGC and denied Vulcan's claim to expel Davenport from the partnership. In its response to Vulcan's motion for temporary restraining order and in its motion to dismiss, Davenport did not seek to enforce the Phase I award - i.e., to expel Vulcan from the NGC partnership. While it may be fair to say that Davenport sought to affirm the validity of the arbitration proceedings and the fairness of the arbitrator, the merits or enforceability of the Phase I award was never at issue. Therefore, the JVA does not authorize an award of fees in this case.

<u>CONCLUSION</u>

Davenport's Motion for Attorney Fees (doc. 42) is DENIED.

IT IS SO ORDERED.

Dated this 18th day of October, 2007.


<u>        /s/ ANN AIKEN        </u>
Ann Aiken
United States District Judge